**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, | : | CIVIL ACTION NO. 11-2789 (MLC) |
| Petitioner, | : | **ORDER & ORDER TO SHOW CAUSE** |
| v. | : | |
| CENTURY INDEMNITY COMPANY, et al., | : | |
| Respondents. | : | |

**THE PETITIONER** (1) brought this Petition on May 13, 2011, seeking to appoint an umpire pursuant to a reinsurance agreement, (2) asserts jurisdiction under 28 U.S.C. § ("Section") 1332, and (3) bears the burden of demonstrating jurisdiction. (Dkt. entry no. 1, Pet.)[1]  The Court is examining jurisdiction and considering dismissal. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss if jurisdiction is lacking).

**IT APPEARS** that (1) the petitioner is deemed to be a citizen of both Delaware and New Jersey, and (2) the respondent Century

---

[1] The petitioner also cites the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5. (Pet.) "The FAA does not create independent federal question jurisdiction. . . . [A]n independent basis for jurisdiction must exist, such as diversity." Trs. of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith v. Patterson, 300 Fed.Appx. 170, 172 (3d Cir. 2008) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983)); see Hughes v. Papa, 153 Fed.Appx. 125, 125-26 (3d Cir. 2005) (stating same); see also Krantz & Berman v. Dalal, No. 09-9339, 2010 WL 1875695, at *4, *6 (S.D.N.Y. May 11, 2010) (stating same where 9 U.S.C. § 5 was at issue).

Indemnity Company is deemed to be a citizen of Pennsylvania only. (Compl. at 1.)  See 28 U.S.C. § 1332(c)(1).

**BUT IT APPEARS** that the respondent Resolute Management, Inc. ("RMI"), according to the Westlaw database and the Delaware Division of Corporations, is currently incorporated in Delaware and thus is deemed to be a citizen of, among other states, Delaware.  See also Compl., AXA Belgium S.A. v. Ace American Insurance Company, No. 08-1228 (C.D. Cal. Feb. 22, 2008), ECF No. 1 (identifying RMI as Delaware corporation); Removal Notice, Ex. C, RMI Aff., Liberty Life Insurance Company v. One Beacon Insurance Company, No. 08-955 (W.D. Mo. Dec. 12, 2008), ECF No. 1 (RMI identifying itself as incorporated in Delaware); RMI 3d Party Compl., R.E. Kramig Co. v. Resolute Management, Inc., No. 07-658 (S.D. Ohio Sept. 14, 2007), ECF No. 5 (same).  (Cf. Pet. at 2 (petitioner alleging RMI is Pennsylvania corporation with Pennsylvania principal place of business).)[2]

**THE COURT** is concerned that the petitioner is not a citizen of a different state in relation to each respondent, i.e., RMI. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  A jurisdictional challenge is measured "against the state of facts that existed at the time of filing —

---

[2] RMI's principal place of business appears to be in either Pennsylvania or Nebraska.

whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). The Court intends to dismiss the Petition unless the petitioner properly (1) demonstrates RMI's state of incorporation and the state in which it had its principal place of business on May 13, 2011, and provides supporting documentation and affidavits from those with knowledge of RMI's structure, and (2) shows that there is jurisdiction under Section 1332. The petitioner must specifically assert citizenship as it existed on May 13, 2011.

**THE PETITIONER** will not restate the Petition's citizenship and jurisdictional allegations in its response. Furthermore, a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Delaware or New Jersey"), or a request for time to discern jurisdiction will result in the dismissal of the Petition, as the petitioner should have ascertained jurisdiction before choosing to file the Petition in federal court. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). As the petitioner is represented by counsel, the Court "should not need

to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**A DISMISSAL** would be without prejudice to the petitioner to recommence the proceeding in state court, as the limitations period is tolled by the filing of this federal proceeding. See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).

**THE PETITION** is accompanied by the petitioner's request for an order for the respondents to show cause why one of the petitioner's umpire candidates should not be appointed. (Dkt. entry no. 1-5, Pet'r's Proposed Order To Show Cause; see dkt. entry no. 1-2, Pet'r's Mem. Of Law.) The Court will deny the request at this juncture. First, the Court may lack subject matter jurisdiction. Second, the petitioner has not demonstrated "a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." L.Civ.R. 65.1(a). The petitioner argues that the respondents seek to appoint umpires who are not neutral to an arbitration proceeding, but it fails to argue at all as to why it is necessary to skirt the usual procedure of proceeding by notice of motion. (See generally Pet'r's Mem. Of Law.) For good cause appearing:

**IT IS THEREFORE** on this 17th day of May, 2011, **ORDERED** that the petitioner's request for the issuance of an order to show cause (dkt. entry no. 1-5) is **DENIED**; and

**IT IS FURTHER ORDERED** that the petitioner will **SHOW CAUSE** why the Petition should not be dismissed without prejudice to recommence the proceeding in state court for lack of jurisdiction under 28 U.S.C. § 1332; and

**IT IS FURTHER ORDERED** that the petitioner, if responding, must file a response with the Court electronically by 5 P.M. on May 27, 2011; and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[3] and

**IT IS FURTHER ORDERED** that if the petitioner fails to respond to this Order To Show Cause, then the petitioner will be deemed to be in support of dismissal; and

---

[3] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this Order To Show Cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry. See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte jurisdiction inquiry, provided party only seven days to respond).

**IT IS FURTHER ORDERED** that this Order To Show Cause will be decided on **TUESDAY, MAY 31, 2011,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge